# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| TERRANCE MCCULLOUGH, | ) | |
| | ) | Case Nos. 1:20-cv-232, 1:12-cr-101 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court are Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-232; Doc. 121 in Case No. 1:12-cr-101) and his motion to appoint counsel (Doc. 6 in Case No. 1:20-cv-232). For the reasons set forth below, both motions will be **DENIED**.

### I. MOTION TO APPOINT COUNSEL

While the Court has discretion to appoint counsel when the interests of justice so require under 18 U.S.C. § 3006A, the Court sees no reason to appoint counsel in this case. As described in further detail below, Petitioner's § 2255 motion is untimely and will be denied. Accordingly, the motion to appoint counsel (Doc. 6 in Case No. 1:20-cv-232) is **DENIED**.

### II. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

#### A. Background

On November 6, 2014, Petitioner was sentenced to 262 months' imprisonment, followed by eight years of supervised release, based on his conviction for possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)

and 851.  (*See* Doc. 94 in Case No. 1:12-cr-101.)  Petitioner was sentenced as a career offender based on one prior conviction for possession of cocaine for resale and one prior conviction for aggravated assault, despite his objection to his designation as such.  (*See* Doc. 88, at 6–7, in Case No. 1:12-cr-101; Doc. 97, at 4, in Case No. 1:12-cr-101.)

On November 10, 2014, Petitioner appealed the Court's judgment, arguing again that he should not have been sentenced as a career offender because his prior conviction for aggravated assault did not qualify as a crime of violence for career-offender purposes.  (*See* Doc. 102, at 2, in Case No. 1:12-cr-101.)  However, the Sixth Circuit affirmed the Court's judgment and upheld Petitioner's sentence.  (*Id.* at 6.)

On August 19, 2020, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. 1 in Case No. 1:20-cv-232; Doc. 121 in Case No. 1:12-cr-101.)  Petitioner argues that he should not have been sentenced as a career offender because (1) his aggravated-assault conviction does not qualify as a crime of violence, and (2) his prior conviction for possession of cocaine for resale does not qualify as a controlled-substance offense under U.S.S.G. § 4B1.2.  (*See generally* Doc. 1 in Case No. 1:20-cv-232; Doc. 121 in Case No. 1:12-cr-101.)

### B.  Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events

is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### C. Analysis

#### i. *Timeliness of Petitioner's Motion*

Petitioner's motion is untimely under § 2255(f)(1) because his motion was not filed within one year of the date on which the judgment of conviction became final. In this case, Petitioner's judgment became final on November 25, 2015, when his time to petition the Supreme Court for certiorari ended. Petitioner's motion is also untimely under § 2255(f)(4) because, although he argues that "new evidence" shows he is not a career offender, Petitioner identifies no evidence or new facts supporting his claim for relief that were not or could not have been discovered at the time of his sentencing. Accordingly, his motion was also not filed within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Petitioner acknowledges that his motion is untimely under § 2255(f)(1) but argues that the one-year statute of limitations does not bar his motion "because he is actually innocent of being a career offender." (Doc. 1, at 22, in Case No. 1:20-cv-232; Doc. 121, at 22, in Case No. 1:12-cr-101.) "Actual innocence" may excuse procedural default of a claim raised in a § 2255 petition. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" sufficient to excuse procedural default "means factual innocence, not mere legal insufficiency." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted).

4

Here, Petitioner's claims are untimely, not procedurally defaulted. Moreover, Petitioner does not argue or present any evidence that he is actually innocent of the underlying *convictions*—either his federal conviction for possession with intent to distribute crack cocaine or the underlying career-offender predicates. Instead, he argues that he should not have been designated as a career offender, which bears on the appropriateness of his sentence rather than his conviction. *See also Vanwinkle v. United States*, 645 F.3d 365, 370 (6th Cir. 2011) (observing that a guilty plea "serves as an admission that he is not innocent of the crimes charged" (citations omitted)). In the Sixth Circuit, the actual-innocence exception "does not permit prisoners to raise claims about guidelines calculations in a collateral attack." *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011). Thus, even if actual innocence could excuse the untimeliness of Petitioner's motion, his claim that he is "actually innocent of being a career offender" does not fit the actual-innocence exception. *See id.*

Petitioner has also not demonstrated any facts that would entitle him to equitable tolling of the statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that some extraordinary circumstance prevented the timely filing of the present

motion or that he has been diligently pursuing his rights.  Accordingly, Petitioner is not entitled to equitable tolling, and his § 2255 motion will be dismissed as untimely.[1]

### III. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary.  *See Martin*, 889 F.3d at 832.  Petitioner's § 2255 motion (Doc. 1 in Case No. 1:20-cv-232; Doc. 121 in Case No. 1:12-cr-101) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if Petitioner's claims were timely, the Sixth Circuit has held that a petitioner challenging a career-offender designation is not entitled to § 2255 relief when he "does not allege that he is innocent of the charged offense or the underlying predicate offenses" and "does not rely on any constitutionally prohibited factors."  *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("[Petitioner] was sentenced under an advisory guidelines scheme, and the district court applied the 18 U.S.C. § 3553(a) factors at sentencing.  Although the career designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself." (citations, alternations, and internal quotation marks omitted)).